**Harry URBAN, Sr., Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

No. 71–1535
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

July 9, 1971.

Rehearing Denied Aug. 4, 1971.

---

* [1] Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

Ross H. Scott, Dallas, Tex., for plaintiff-appellant.

Eldon B. Mahon, U. S. Atty., Fort Worth, Tex., Martha Joe Stroud, Asst. U. S. Atty., Dallas, Tex., Jerry A. Wells, Atty., Tax Div., Dept of Justice, Ft. Worth, Tex., Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Atty., Gilbert E. Andrews, Acting Atty., John P. Burke, Carleton D. Powell, Attys., Dept. of Justice, Tax Div., Washington, D. C., for defendant-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

The appealing taxpayer challenges the constitutionality of assessments of the wagering excise tax, 26 U.S.C.A. § 4401.[1] and the wagering occupational tax, 26 U.S.C.A. § 4411.[2] As we perceive taxpayer's argument, he relies on Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968), Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), and

---

1. § 4401. Imposition of tax

(a) Wagers.—There shall be imposed on wagers, as defined in section 4421, an excise tax equal to 10 percent of the amount thereof.

(b) Amount of wager.—In determining the amount of any wager for the purposes of this subchapter, all charges incident to the placing of such wager shall be included; except that if the taxpayer establishes, in accordance with regulations prescribed by the Secretary or his delegate, that an amount equal to the tax imposed by this subchapter has been collected as a separate charge from the person placing such wager, the amount so collected shall be excluded.

(c) Persons liable for tax.—Each person who is engaged in the business of accepting wagers shall be liable for and shall pay the tax under this subchapter on all wagers placed with him. Each person who conducts any wagering pool or lottery shall be liable for and shall pay the tax under this subchapter on all wagers placed in such pool or lottery. Any person required to register under section 4412 who receives wagers for or on behalf of another person without having registered under section 4412 the name and place of residence of such other person shall be liable for and shall pay the tax under this subchapter on all such wagers received by him. Aug. 16, 1954, c. 736, 68A Stat. 525; Sept. 2, 1958, Pub.L. 85–859, Title I, § 151(a), 72 Stat. 1304.

2. § 4411. Imposition of tax

There shall be imposed a special tax of $50 per year to be paid by each person who is liable for tax under section 4401 or who is engaged in receiving wagers for or on behalf of any person so liable. Aug. 16, 1954, c. 736, 68A Stat. 527.

United States v. United States Coin & Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971) to invalidate these statutes on self-incrimination grounds.

His contention is reasoned as follows: The Secretary is required to make assessments of the correct tax due under the above statutes. The taxpayer must pay the disputed tax assessment and then bring a refund suit to recover the payment. In such a refund suit, the burden of proof is on the taxpayer to prove the exact amount of tax due and owing. This impales the taxpayer on the horns of a dilemma since he can incriminate himself in attempting to meet his burden of proof or he must default the amount of the assessed tax. This is tantamount to compelling the taxpayer to incriminate himself for his illegal activities.

The Supreme Court in *Marchetti* and *Grosso* held that a proper claim of the privilege against self-incrimination precluded a *criminal conviction* for failure to pay the occupational tax (§ 4411) or to fulfill the registration requirements (§ 4412) or to pay the 10 per cent excise tax (§ 4401). Neither case held that civil liabilities for tax debts were constitutionally impermissible. In fact, the Court in footnote 7 of the *Grosso* opinion indicated in dictum that it would not accept the taxpayer's argument in this case.[3]

The *Coin & Currency* case provides no comfort to the taxpayer either. It merely held that the forfeiture provisions of Section 7302 of the Internal Revenue Code violated the self-incrimination clause of the Fifth Amendment. Section 7302 authorized confiscation of "any property intended for use in violating the provisions of the internal revenue laws". This case, however, is not concerned with the confiscation of all wagers the taxpayer has received. Rather, it only imposes a 10 per cent tax on such wagers. This tax can in no reasonable way be equated with a forfeiture penalty upon those involved in a criminal enterprise such as was condemned in *Coin & Currency*. The logical extension of the taxpayer's argument would defeat the imposition of a tax on income derived from illegal sources whenever a criminal chose to interpose a Fifth Amendment plea. *Cf.* James v. United States, 366 U.S. 213, 81 S.Ct. 1052, 6 L.Ed.2d 246 (1961); Rutkin v. United States, 343 U.S. 130, 72 S.Ct. 571, 96 L.Ed. 833 (1952). Additionally, the Court in *Coin & Currency* strengthened its dictum in *Grosso* with the following statement. "In those cases [*Grosso* and *Marchetti*], we took pains to make it clear that the Court in no way doubted the Government's power to assess and collect taxes on unlawful gambling activities. It was only the method Congress had adopted in collecting the tax that raised the Fifth Amendment question." 401 U.S. at 717, 91 S.Ct. at 1043, 28 L.Ed.2d at 437.

Finally, it is doubtful in this case that the taxpayer was in any danger of incriminating himself. Under the *Grosso* and *Marchetti* decisions, he certainly could not have been prosecuted by the United States. It would also appear that the State of Texas would be barred from prosecution by the statute of limitations. *See* Vernon's Ann.Tex.Code Crim.Proc. Ann. art. 12.04 (1966).

For the foregoing reasons, the judgment of the District Court is hereby

Affirmed.

---

3. This footnote reads:

Section 4411 provides that the occupational tax must be paid "by each person who is liable for tax under section 4401" and by each person who receives wagers for one liable under § 4401. It might therefore be argued that since petitioner is entitled to claim the constitutional privilege in defense of a prosecution for willful failure to pay the excise tax, he is thereby freed from liability for the occupational tax. We cannot accept such an argument. We do not hold today either that the excise tax is as such constitutionally impermissible, or that a proper claim of privilege extinguishes liability for taxation; we hold only that such a claim of privilege precludes a criminal conviction premised on failure to pay the tax.